UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID AGUILAR,<br><br>        Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. CV 05-01099-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Plaintiff's first issue is that the ALJ posed a hypothetical to

the vocational expert ("VE") which incorrectly summarized Plaintiff's nonexertional limitation as found by the orthopedic consultative examiner ("CE"), Dr. Workmon, who examined Plaintiff on June 25, 2002 at the request of the Department of Social Services. (AR 156-162.) He concluded, in pertinent part, that, "It would be impossible for this man to work in any position requiring <u>significant</u> extension or rotation of his neck." (AR 161, emphasis added.) The hypothetical posed by the ALJ to the VE did not utilize this exact terminology; rather, the limitation posed was, "[Plaintiff] cannot <u>fully</u> extend or rotate his head and neck." (AR 49, emphasis added.) In his Motion, Plaintiff argues that the difference between "fully" and "significantly" is profound.

Because the hypothetical question, however, utilized the same terminology which the ALJ utilized in his decision, Plaintiff would appear to be arguing that the ALJ erred in this aspect of his determination of Plaintiff's residual functional capacity ("RFC"). Thus, Plaintiff's argument is, in effect, that Dr. Workmon was correct, and that the ALJ should have utilized Dr. Workmon's term - "significant" - instead of his own term - "fully". The Court need not spend significant time examining the issue as thus framed, because the testimony of the VE indicates that even if the hypothetical had utilized the word "significant" instead of "fully," the result would be the same. The following testimony of the VE establishes that under either hypothetical, Plaintiff was not precluded from performing his past relevant work:

"A   I believe that he could do this job in that he had the control over his postural limitations.

Q   Is that as he performed it, as performed in the national

```
1                economy, or both?
2       A    Both, because this is a skilled job, and you have control
3                over your own environment."
4  (AR at 50.)
5
6       Even if there were a material difference between the two terms
7  (which the Court doubts), the ALJ's testimony renders any error
8  harmless.  Since Plaintiff would have control over his postural
9  limitations in performing his past relevant work, whether as actually
10 performed, or as performed in the national economy, it does not make
11 a difference whether Plaintiff is not able to fully extend and rotate
12 his neck, or is only precluded from significantly rotating and
13 extending his neck.  The VE's answer accommodates both restrictions.
14 For this reason, Plaintiff's first issue does not establish reversible
15 error.
16      In his second issue, Plaintiff asserts that the ALJ gave
17 inadequate consideration to his assertion that his pain medication
18 made him drowsy and lightheaded.
19      First, Plaintiff's subjective complaints were directly
20 acknowledged by the ALJ, but were rejected because there was no
21 documentation in the record that his medication in fact did cause
22 these results. (AR at 23.)  Resolution of this issue does not rest
23 upon the discrepancy between Plaintiff's complaints and the objective
24 evidence.  Rather, the credibility determination must be made
25 according to traditional methods of evaluating credibility. Specific
26 reasons must have been provided to reject the subjective pain
27 complaints.  See Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir.
28 1991).  In this case, there is ample evidence that Plaintiff received
```

both medical care from treating sources and various medications to treat his pain; yet, Plaintiff does not dispute the accuracy of the ALJ's determination that in none of the medical records is there found a complaint by Plaintiff that his medications had such side effects. Plaintiff's failure to make such complaints to his medical providers is a relevant factor in assessing his credibility when he now makes such claims.  The Court finds that the reason articulated by the ALJ in his decision is factually correct, and that it legally constitutes a sufficient basis for detracting from Plaintiff's present claims in this regard.

For the foregoing reasons, the Court affirms the decision of the Commissioner, denies Plaintiff's Motion for Summary Judgment, grants Defendant's Cross-Motion for Summary Judgment, and orders that this matter be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED:  October 25, 2005

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE